IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>    Applicant,<br><br>    v.<br><br>DANE S. FABER,<br><br>    Respondent<br>_____/ | No. CV-09-80018 MMC MISC<br><br>**ORDER DIRECTING COMMISSION TO SUPPLEMENT APPLICATION FOR ORDER DIRECTING COMPLIANCE WITH ORDER OF COMMISSION; CONTINUING HEARING** |

       Before the Court is the U.S. Securities and Exchange Commission's ("Commission") "Application under Section 21(e)(1) of the Securities Exchange Act of 1934 for an Order Directing Compliance with an Order of the Securities and Exchange Act," filed February 10, 2009, by which the Commission seeks, pursuant to 15 U.S.C. § 78u(e)(1), an order directing respondent Dane S. Faber ("Faber") to comply with an order issued by the Commission on February 10, 2004.  Faber has not filed a response to the Application. Having read and considered the papers filed in support of the Application, the Court finds it Appropriate, for the reasons set forth below, to direct the Commission to supplement its Application and to continue the hearing.

       In an opinion issued February 10, 2004, the Commission sustained findings made by the National Association of Securities Dealers, Inc. ("NASD") that Faber had violated

1  specified federal acts, federal regulations, and NASD rules.  (See Appl. Ex. 1.)  In addition,
2  the Commission found monetary and other sanctions imposed by the NASD were "neither
3  excessive nor oppressive."  (See Appl. Ex. 1 at 8.)  The opinion concludes with the
4  following sentence:  "An appropriate order will issue."  (See id.)  The Commission has not,
5  however, filed with this Court the order issued by the Commission.  As a result, the order
6  the Commission seeks to enforce herein is not before the Court and the Court declines to
7  grant the Application in its absence.[1]

8  Accordingly, the Commission is hereby DIRECTED to file with the Clerk of the Court
9  and serve on Faber, no later than May 8, 2009, the following documents: (1) the order
10 issued by the Commission following the issuance of its February 10, 2004 opinion; and
11 (2) a declaration setting forth the calculation of interest that, if the Court were to issue an
12 order directing Faber to comply with Commission's order, would be due as of June 5, 2009.

13 The Commission is further DIRECTED to serve Faber with a copy of the instant
14 order, and to file proof of such service, no later than May 8, 2009.

15 If Faber wishes to file a response to the Commission's supplement filings, Faber
16 shall file such response with the Clerk of the Court, and serve it on counsel for the
17 Commission, no later than May 22, 2009.

18 The hearing on the above-titled Application is hereby CONTINUED from April 24,
19 2009 to June 5, 2009, at 9:00 a.m.

20 **IT IS SO ORDERED.**

22 Dated: April 21, 2009

*[signature]*
MAXINE M. CHESNEY
United States District Judge

---

[1] In the Application, the Commission argues, for example, the "interest rate that the Court should use is the weekly average one-year constant maturity Treasury yield." (See Appl. at 8:26-27.)  The decision issued by the NASD, however, states interest is to "calculated at the rate established for the underpayment of income taxes in Section 6621(a) of the Internal Revenue Code, 26 U.S.C. § 6621(a)." (See Appl. Ex. 2 at 19.)  Because the Commission has not submitted the order issued by the Commission, it is unclear whether the Commission sustained the method of calculation set forth by the NASD or, instead, found a different method of calculation should be used.

2