IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>v.<br><br>DANE S. FABER,<br><br>Respondent<br>_____/ | No. CV-09-80018 MMC MISC<br><br>**ORDER GRANTING APPLICATION FOR ORDER DIRECTING COMPLIANCE WITH ORDER OF SECURITIES AND EXCHANGE COMMISSION; VACATING HEARING** |

Before the Court is the U.S. Securities and Exchange Commission's ("Commission") "Application under Section 21(e)(1) of the Securities Exchange Act of 1934 for an Order Directing Compliance with an Order of the Securities and Exchange Commission," filed February 10, 2009, as supplemented May 8, 2009 with leave of court. Faber has filed opposition, to which the Commission has replied. Having read and considered the papers filed in support of and in opposition to the application, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 5, 2009, and rules as follows.

On February 10, 2004, the Commission issued an order sustaining a May 7, 2003 decision by the National Association of Securities Dealers ("NASD"), by which decision the NASD affirmed a hearing panel's May 3, 2002 determination imposing on Faber sanctions

for his violations of § 10(b) of the Securities Exchange Act of 1934, Exchange Act Rule 10b-5, and NASD Conduct Rules 2110 and 2120.  (See Application Ex. 1 at 1; Response, filed May 8, 2009, Ex. A.)  In the instant application, the Commission seeks, pursuant to 15 U.S.C. § 78u(e)(1), issuance of a court order directing Faber to comply with the Commission's February 10, 2004 order to the extent the order sustained the NASD's ruling that, as a sanction, Faber must pay to his former customer Donna McKinzie restitution in the amount of $52,215, plus interest calculated at the rate established for the underpayment of income taxes set forth in 26 U.S.C. § 6621(a).  (See Appl. Ex. 1 at 2, 4, 7-8; Appl. Ex. 2 at 19; Response, filed May 8, 2009, Ex. A.)[1]

        The Court finds, for the reasons stated by the Commission, and contrary to Faber's arguments, that court enforcement of the Commission's February 10, 2004 order to the extent sought herein is appropriate.  Specifically, the Commission has standing to seek a court order enforcing the Commission's order that Faber pay restitution to a private party. See Securities and Exchange Commission v. McCarthy, 322 F.3d 650, 655 (9th Cir. 2003) (holding Exchange Act "does not limit or restrict what types of Commission orders may be enforced through § 21(e)"); see, e.g., Securities and Exchange Commission v. Vittor, 323 F.3d 930, 932, 936 (11th Cir. 2003) (affirming district court's order enforcing SEC order sustaining NASD decision that respondent pay restitution to private parties).  Further, Faber cannot challenge in this proceeding the appropriateness of the Commission's February 10, 2004 finding that the NASD's issuance of sanctions against Faber was in the public interest.  See McCarthy, 322 F.3d at 658 (holding "[b]y the time a § 21(e) application has been filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order").  Finally, the application was timely filed on February 10, 2009, because the applicable five-year statute

---

[1] The Commission's February 10, 2004 order also sustained the NASD's determinations that Faber pay to his former customer Robert Kinney restitution in the amount of $30,005 plus interest and that Faber be prohibited from associating with NASD member firms.  The Commission does not, however, seek herein a court order directing Faber to comply with its orders that Faber pay restitution to Robert Kinney and/or not associate with NASD member firms.

2

of limitations runs from February 10, 2004, the date of the SEC's order, rather than from the date of the NASD's decision or any earlier date, see Securities and Exchange Commission v. Mohn, 465 F.3d 647, 653 (6th Cir. 2006) (holding five-year statute of limitations applicable to applications pursuant to § 21(e) runs from date SEC issues its order reviewing NASD decision, rather than from date of NASD decision).

Accordingly, the application is hereby GRANTED, and Faber is hereby ORDERED to pay to Donna McKinzie restitution in the amount of $52,215, along with prejudgment interest in the total amount of $22,847.66, as well as postjudgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: June 2, 2009

MAXINE M. CHESNEY
United States District Judge